UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME KARP, 635-647 West Roosevelt Road, LLC )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SILVER ARCH CAPITAL PARTNERS, LLC, et al., )<br>)<br>Defendants. ) | Case No. 20 C 0139<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff 635-647 W. Roosevelt Road, LLC ("Roosevelt") entered into a business relationship with defendants Silver Arch Capital Partners ("Silver Arch"), Silver Arch's President and CEO Jeffrey Wolfer, and related affiliates to obtain a loan to refinance and engage in construction of Roosevelt's property. Plaintiff Jerome Karp is the manager of Roosevelt and guarantor of the loan. Plaintiffs brought the present lawsuit alleging unjust enrichment and fraud in relation to the loan. Before the Court is defendants' motion to transfer venue under 28 U.S.C. § 1404(a) based on the loan's forum selection clause, or, in the alternative, motion to dismiss for lack of personal jurisdiction under Federal Rule of 12(b)(2). For the following reasons, the Court, in its discretion, grants defendants' motion to transfer venue to the District of New Jersey.

**Background**

Plaintiff Karp is the manager of the limited liability company Roosevelt. In early 2018, Karp initiated negotiations with Silver Arch and its affiliates to refinance a loan on the property at 635-647 W. Roosevelt Road in Chicago ("Property"). On March 5, 2018, Karp signed a Term Sheet on behalf of Roosevelt and as guarantor, which stated:

> **Borrow and Guarantor(s) consent to the jurisdiction of any state or federal court sitting in the State of New Jersey for adjudication of any dispute**

> **between the Borrow and Guarantor(s),** their agents, servants and/or employees and Silver Arch Capital Partners under any theory of law in connection with, out of, or otherwise relating to this Term Sheet and any related transactions and that venue shall be proper in any such court **to the exclusion of the courts in any other state or country**. The Borrow further agrees that such designated forum is proper and convenient[.]

(R. 1-1, 1/26/18 Term Sheet, at 3.) (emphasis added). On March 26, 2018, Wolfer sent Karp a letter stating: "As provided in the Term Sheet dated January 26, 2018 this shall confirm that the amount of the loan Silver Arch Capital is willing to make based on the valuation of the collateral (Appraisal enclosed) is $11,310.00 based on the terms, conditions, and requirements of the Term Sheet." (R. 1-1, 3/26/18, Silver Arch letter). Karp accepted the offer by signing the March 26 letter. On March 28, 2018, Karp sent Silver Arch a letter that the parties refer to as the loan application, which stated in part:

> **This Application shall be governed by, construed, and interpreted in accordance with the internal laws of the State of New Jersey**, without regard to the principles of conflicts of law. **Applicant submits to the exclusive jurisdiction to the courts of New Jersey for the resolution of any dispute in connection with this Application.** Both parties waive any right to a jury trial.

(R. 17-3, 3/28/18, Letter, at 2.) (emphasis added).

**Legal Standard**

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district for the convenience of the parties and witnesses and in the name of justice, if venue and jurisdiction are proper in both courts. *See Mueller v. Apple Leisure Corp.,* 880 F.3d 890, 894 (7th Cir. 2018). In a typical case, the district court's transfer analysis involves balancing both private and public interests. *Atlantic Marine Const. Co., Inc. v. U.S. District Court, Western District of Tex*, 571 U.S. 49, 62–63, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013); *In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 704 (7th Cir. 2020). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine*, 571 U.S. at 63 (citation omitted). Simply put, when there is a valid forum selection clause that controls, a

2

plaintiff's choice of forum merits no weight and the court does not consider the parties' private interests. *In re Ryze Claims Solutions, LLC*, 968 F.3d at 708. District courts have broad discretion in transferring venue to a different court. *See DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 860 F.3d 918, 923 (7th Cir. 2017).

**Discussion**

In their motion, defendants maintain that the parties agreed via a forum selection clause to have disputes decided in the state or federal courts of New Jersey to the exclusion of other courts in other states and that the public interest factors weigh in favor of transferring this lawsuit to the District of New Jersey. The Court agrees

The Court first notes that plaintiffs did not respond to defendants' motion to transfer venue, but instead filed a motion for leave to file an amended complaint. Because they did not respond to defendants' motion to transfer venue, plaintiffs have waived any arguments that the forum selection clause is unenforceable or otherwise invalid. *See Ennin v. CNH Indus. Am., LLC,* 878 F.3d 590, 595 (7th Cir. 2017). Moreover, although the proposed amended complaint refers to the Term Sheet, plaintiffs fail to address the unequivocal "choice of forum" clause. Here, the parties' forum selection clause represents their agreement as to "the most proper forum," and without argument to the contrary, the Court turns to the public interest considerations.

When examining the public interest considerations, the Court looks to the respective docket congestion, the Courts' familiarity with the relevant law, and the relationship of the community to the controversy. *In re Ryze Claims Solutions, LLC*, 968 F.3d at 707-08; *Research Automation Schrader - Bridgeport, Int'l*, 626 F.3d 973, 978 (7th Cir. 2010). Looking to the September 30, 2020 Federal Court Management Statistic Report, the District of New Jersey is less congested than the Northern District of Illinois. Specifically, in the District of New Jersey, the time from filing a lawsuit until trial is 37.1 months and the time from filing to disposition 9.9 months. Whereas, in the Northern District of

3

Illinois, the time from filing to trial is 39.3 months and the time from filing to disposition is 10.6 months. As such, this public interest factor weighs in favor of transfer to the District of New Jersey.

Another public interest consideration weighs in favor of the District of New Jersey because it has more familiarity with New Jersey law, which controls the common law claims in this lawsuit. Plaintiffs' attempt to add claims under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.* in their first amended complaint does little to change this analysis. Last, neither party speaks to the relationship the communities in Illinois or New Jersey have to the controversy, therefore, this factor is neutral. Nevertheless, considering the public interests as a whole, they weigh in favor of transfer to the District of New Jersey, especially in light of the unequivocal forum selection clause.

**Conclusion**

For these reasons, the Court, in its discretion, grants defendants' motion to transfer venue under 18 U.S.C. § 1404(a) [16]. Because the Court grants defendants' motion to transfer of venue, it need not address defendants' personal jurisdiction arguments. Further, the Court denies plaintiffs' motion for leave to file an amended complaint as moot [29]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 2/10/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge